UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff,<br><br>v.<br><br>JOHN LOUIS DEVENCENZI,<br><br>Petitioner/Defendant. | Case No. 3:11-cr-00095-LRH-CLB-1<br><br>ORDER |

Defendant John Louis Devencenzi moves this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that carjacking is not a crime of violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*"). ECF No. 32. The Government opposed, arguing that his motion is foreclosed because the Ninth Circuit held that carjacking is categorically a crime of violence under the elements or force clause of 18 U.S.C. § 924(c), *see United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017), and because his motion is procedurally defaulted and barred by the explicit terms of his plea agreement. ECF No. 35. Accordingly, Devencenzi replied. ECF No. 36. For the reasons contained within this Order, the Court denies Devencenzi's motion and denies him a certificate of appealability.

**I.    BACKGROUND**

On August 10, 2011, Devencenzi was indicted for (1) carjacking, in violation of 18 U.S.C. § 2119(1); (2) use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 23, 2012, Devencenzi pled guilty, pursuant to a written

1

plea agreement, to Counts II and III, in which he admitted the following facts: (1) on May 22, 2011, he awoke victims C.Y. and B.Y., at gunpoint with a short-barrel shotgun and demanded they open their gun safes; (2) he struggled with C.Y., during which the defendant discharged the shotgun into a wall in the victims' home; (3) the victims then opened their gun safes and Devencenzi removed 41 firearms from the safes along with some jewelry; (4) Devencenzi ordered the victims to load the firearms into B.Y's vehicle; (5) he ordered the victims into the front of the vehicle, while he got into the back seat with the loaded shotgun and a loaded semiautomatic assault weapon taken from the victims; (6) he then forced the victims to drive him to a remote location, where he ordered them out of the vehicle and to lie face down on the ground; and (7) Devencenzi drove away in B.Y.'s vehicle. *See* ECF No. 19 at 3-4.

On November 26, 2012, the Court sentenced him to 180-months on Count III, felon in possession of a firearm, and 120-months on Count II, use of a firearm during and in relation to a crime of violence, to run consecutive to Count III, for a total of 300 months imprisonment, to be followed by five years of supervised release. Devencenzi filed no direct appeal. On June 22, 2020, Devencenzi filed the pending section 2255 motion to vacate, set aside, or correct his sentence, in light of *Davis*. ECF No. 32. The Government opposed (ECF No. 35), and Devencenzi replied (ECF No. 36). The Court now rules on the pending motion.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f). That one-year limitation period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III.   DISCUSSION

### A. Devencenzi's motion is not procedurally barred and he has not waived his right to collaterally attack his conviction and sentence.

The Government argues that Devencenzi's motion must be denied because (1) he failed to raise the issue on direct appeal; and (2) his plea agreement contains a collateral-attack waiver. ECF No. 35. These arguments are unavailing. First, Devencenzi is not barred from collaterally attacking his sentence because he failed to do so on direct appeal. Under § 2255(f)(3), he is entitled to challenge his sentence within one year of "the date on which the right [he] assert[s] was *initially* recognized by the Supreme Court." (emphasis added). Courts in this District have previously held that a motion challenging the constitutionality of § 924(c)'s residual clause is not procedurally barred, even when the defendant did not raise the issue on appeal. *See United States v. Bonaparte*, Case No. 2:12-cr-132-JAD-CWH-2, 2017 WL 3159984, at *2 (D. Nev. July 25, 2017) (finding that the defendant's section 2255 motion was not "barred by his collateral-attack waiver or based on its timing."); *United States v. Harrison Johnson*, No. 2:12-cr-00336-JAD-CWH, 2018 WL 3518448, at *2 (D. Nev. July 19, 2018) (same). As Devencenzi's motion was brought within one year of *Davis*,[1] which held that the residual clause of § 924(c) is unconstitutionally vague, the Court finds his motion is timely.[2]

Second, the Ninth Circuit has held that an appeal waiver in the plea agreement does not bar a defendant's challenge to his sentence based on an unconstitutionally vague statute. *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("A waiver of appellate rights will also not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the constitution.'").[3] As Devencenzi argues that his sentence should be vacated because it was based on the now unconstitutionally vague residual clause of § 924(c), his motion is not barred by the plea agreement.

---

[1] *Davis* was decided on June 24, 2019 and Devencenzi's motion was filed on June 22, 2020.
[2] The Court further notes that in *United States v. Gutierrez*, 876 F.3d 1254, 1255-56 (9th Cir. 2017), the defendant did not directly appeal his sentence, but still brought a motion challenging his conviction for brandishing a firearm during a crime of violence. In that case, the Government "did not raise any procedural barriers" for the Court to consider and the Ninth Circuit proceeded directly to the merits of the case.
[3] While the Government argues waiver, it concedes that *Torres* is binding Ninth Circuit precedent that this Court must follow. Nevertheless, it makes this argument to preserve the issue for further appeal. *See* ECF No. 35 at 7 n.1.

**B. While the residual clause of § 924(c) is unconstitutionally vague, Devencenzi's sentence is upheld under the "elements" clause of the statute.**

Devencenzi pled guilty to Counts II and III of the indictment, which charged him with using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), respectively. ECF No. 1. 18 U.S.C. § 924(c)(1)(A) provides that "any person, who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment" of not less than 10 years if the firearm is discharged. The statute further defines "crime of violence" in two ways. The first, by what is known as the "elements" or "force" clause: an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). The second, by what is known as the residual clause: an offense that is a felony and "that by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). Devencenzi argues that his conviction for carjacking is not a crime of violence by its elements, and thus, his sentence under 924(c) could only have arisen from the unconstitutionally vague residual clause. Therefore, he argues it must be vacated.

The Court disagrees; it is bound by the Ninth Circuit's decision in *United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017) (*pur curiam*), which held that the federal offense of carjacking is categorically a crime of violence under the force clause. To reach this conclusion, the Court followed the Supreme Court's holding in *Johnson v. United States*, that "to qualify as a 'crime of violence' under the force clause, an offense must have as an element the use, attempted use, or threatened use of violent physical force—'that is, force capable of causing physical pain or injury to another person.'" *Gutierrez*, 876 F.3d at 1256 (quoting *Johnson*, 559 U.S. 133, 140 (2010)). Using the categorial approach, the Ninth Circuit determined that even the least serious form of the carjacking offense meets the *Johnson* standard. *Id.* at 1256-57.

///

The Federal carjacking statute, 18 U.S.C. § 2119 provides: "Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall" be punished in accordance with the law. The Ninth Circuit reasoned that carjacking committed "by force and violence" "obviously qualifies as a crime of violence under the *Johnson* standard." *Id.* at 1256. The Court further concluded that "by intimidation" also meets the *Johnson* standard:

> To be guilty of carjacking "by intimidation," the defendant must take a motor vehicle through conduct that would put an ordinary, reasonable person in fear of bodily harm, which necessarily entails the threated use of violent physical force. It is particularly clear that "intimidation" in the federal carjacking statute requires a contemporaneous threat to use force that satisfies *Johnson* because the statute requires that the defendant act with "the intent to cause death or serious bodily harm." 18 U.S.C. § 2119; *see Holloway v. United States*, 526 U.S. 1, 12, 119 S. Ct. 966, 143 L.Ed.2d 1 (1999) ("The intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car.").

*Id.* at 1257. The Court sees no reason to deviate from the Ninth Circuit's well-reasoned opinion and finds that carjacking is categorically a "crime of violence."

Because Devencenzi's conviction may be upheld under the elements clause of § 924(c), the Supreme Court's decision in *Davis* does not affect his sentence. While Devencenzi was not convicted of the predicate offense, he pled guilty and admitted to the elements of the carjacking as part of his plea agreement: (1) on May 22, 2011, he awoke victims C.Y. and B.Y., holding a short-barrel shotgun and demanded they open the gun safes; (2) he struggled with C.Y., during which the defendant discharged the shotgun into a wall in the victims' home; (3) the victims then opened their gun safes and Devencenzi removed 41 firearms from the safe along with some jewelry; (4) Devencenzi ordered the victims to load the firearms into B.Y's vehicle; (5) he ordered the victims into the front of the vehicle, while he got into the back seat with the loaded shotgun and a loaded semiautomatic assault weapon taken from the victims; (6) he then forced the victims to drive him to a remote location, where he ordered them out of the vehicle and to lie face down on the ground; and (7) Devencenzi drove away with B.Y.'s vehicle. *See* ECF No. 19 at 3-4. Accordingly, Devencenzi's conviction and resulting 120-month sentence withstands his constitutional challenge, and his motion to vacate, set aside, or correct his sentence is therefore denied.

### C. Certificate of Appealability

To proceed with an appeal of this Order, Devencenzi must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22; 9TH CIR. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). For the Court to grant a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And the petitioner bears the burden of demonstrating that the issues are debatable among reasonable jurists; that a court could resolve the issues differently; or that the issues are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84 (citation omitted).

As discussed above, Devencenzi has failed to raise a meritorious challenge to his conviction and sentence under section 924(c)—the federal carjacking offense is categorically a crime of violence pursuant to the Ninth Circuit's decision in *Gutierrez*. As such, the Court finds that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his claims debatable or wrong. *See Allen*, 435 F.3d at 950-951. Therefore, the Court denies Devencenzi a certificate of appealability.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 32) is **DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final Judgment denying Devencenzi's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150 (9th Cir. 2018).

IT IS SO ORDERED.

DATED this 18th day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE